Xne opinion oi tne Uourt was delivered by
Nott, J.
The City Court was established, and its powers and jurisdiction defined by several Acts of the Legislature; those are public Acts of which this Court is bound to take notice. In cases of contracts, its jurisdiction extends only to such citizens of the State as reside within the city. It extends only to offences committed within the city, and against the by-laws of the city council; and to eases only within and not exceeding the sum of one hundred dollars; and every process must show upon its face that the case was within the jurisdiction of the Court. Peacock v. Bell, et al., 1 Saunders, 74-5; 6 Mod., 228; Trevor v. Wall, 1 D. & E., 151; Waldock v. Cooper, 2 Wilson, 16; 2 Levinz, 87, and -- v. Lee, Lord Raymond, 211. But it does not appear indispensably necessary that it should contain such an averment. It is sufficient that the process itself furnishes the proof. And if the Court can see that it contains all the legal requisites to give jurisdiction to the inferior Court, such an averment will not be required. When there is nothing to be supplied on the face of the process, it is unnecessary ; and all that can be inferred from the cases relied on, is, that the jurisdiction must appear, but not that it must be averred. The only case brought to our view, where such an averment has been held necessary, is the case from Washington’s Reports, 82; but the correctness of that decision, I think, is very successfully combatted by the president of that Court. By a reference to this process, it will appear that the offence was committed within the city, and against the by-laws. The sum for which the defendant was prosecuted, is confessedly within the jurisdiction of the Court. Such an averment, then, could give no *more *138 information to the Court, nor add anything to the process which did not before appear.
J. B. White and Gross, for the motion. Gadsden and Bichardson, contra.
2. The exposure of the goods, at the door of the shop, furnished sufficient evidence, from whence the jury might presume that they were intended for sale. The object of the law was, to prevent the annoyance to which every.person was exposed by the various obstructions thus thrown upon the pavement. If they were placed there for any special purpose, consistent with the provisions of the law, the onus probandi lay on the defendant.
3. The law was published in one of the public newspapers in the city. It was the paper in which the by-laws of the city council were usually published, and one employed by them for that purpose. And the Court does not see that it was not a paper of general circulation. It appears to me, that the publicity given to the ordinance, was as great as is given by the Legislature to the laws of the State. I think, therefore, that it was sufficiently promulgated.
4. I am not aware of any decision of this Court declaring all the ordinances of the city council, anterior to a particular period, void. But if such a decision has taken place, the evil which might otherwise have resulted from it has been prevented by the Act of the Legislature, ratifying and giving effect to all those ordinances. There is no doubt but that the Legislature possessed such power; and having exercised it, those ordinances have become as good and effic'acious as any passed since that period.
I am of opinion, on all the grounds, that the motion must be refused.
CoLCOCK, Cheves and Gantt, JJ., concurred.